Anthony P. Cali, State Bar #28261
Ryan M. Deutsch, State Bar #38776
**ALLEN, JONES & GILES, PLC**
1850 N. Central Ave., Suite 1025
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: acali@bkfirmaz.com
rdeutsch@bkfirmaz.com

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>BURWOOD, LLC, d/b/a STRESSLESS REMODELING,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:26-bk-06345-DPC |
| BURWOOD, LLC, d/b/a STRESSLESS REMODELING,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTAS FUNDING, LLC<br><br>Defendant. | Adversary Case No.<br><br>**COMPLAINT**<br><br>**PREFERENTIAL TRANSFERS; AVOIDANCE OF TRANSFERS; DISALLOWANCE OF CLAIM** |

Burwood, LLC d/b/a StressLess Remodeling (the "Debtor" or "Plaintiff"), by and through undersigned counsel, hereby brings this Complaint against Libertas Funding, LLC ("Libertas") for avoidance and recovery of preferential transfers, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an adversary proceeding in the above-captioned bankruptcy case, which is pending in the United States Bankruptcy Court for the District of Arizona (the "Court").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and § 157(b)(2)(B).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this proceeding arises under title 11 and arises in a case under title 11 pending in this district.

5. The Debtor consents to the entry of a final order or judgment by this Court on each count of this Complaint.

## THE PARTIES

6. Plaintiff Burwood, LLC ("Burwood" or the "Debtor") is an Arizona limited liability company with its principal place of business at 23910 N. 19th Avenue, Suite 48, Phoenix, Arizona 85085. The Debtor operates under the trade names StressLess Remodeling, Stressless Remodeling & Concrete Coating, and Rubber Stone AZ.

7. On June 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtor did not elect to proceed under Subchapter V.

8. Since the Petition Date, the Debtor has continued to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed, and no official committee of unsecured creditors has been formed.

9. Defendant Libertas Funding, LLC is a Connecticut limited liability company with its principal place of business at 411 West Putnam Avenue, Suite 220, Greenwich, Connecticut 06830.

10. Libertas is in the business of providing merchant cash advances and similar financing instruments.

## GENERAL ALLEGATIONS

11. At all relevant times, the Debtor was insolvent within the meaning of 11 U.S.C. § 101(32).

12. The Debtor is further presumed to have been insolvent during the ninety-day period preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

13. On September 4, 2026, Libertas filed Proof of Claim No. 22, asserting a fully secured claim in the amount of $240,076.68 (the "Claim"). The Claim identifies its basis as an "Agreement of Sale" and identifies a UCC-1 financing statement as the basis for perfection.

14. On or about July 18, 2025, Libertas and the Debtor entered into an Agreement of Sale of Future Receipts (the "Agreement"). Derek William Wood executed the Agreement on the Debtor's behalf and separately, in his individual capacity, as Owner/Guarantor. By a Seller Definition Addendum of the same date, "Merchant" was defined to include the Debtor together with Magical Pipes, LLC, Good Life Products LLC, and Rubber Stone NM LLC.

15. Pursuant to the Agreement, Libertas purported to "purchase" $630,000.00 in future receipts from the Debtor (the "Amount Sold") in exchange for a stated "Purchase Price" of $500,000.00 (the "Advance"). The Agreement fixes the "Factor Rate" at 1.26, and the Amount Sold is the Purchase Price multiplied by that factor, to the dollar.

16. Of the $500,000.00 Purchase Price, Libertas retained an origination fee of $10,000.00 and applied $220,192.46 to "Direct Payments to Third Parties/renewals." A contemporaneous Addendum to Contract identifies that same $220,192.46 as the amount paid on a prior merchant agreement between the same parties, No. 475866. The Debtor received net proceeds of $269,807.54, which Libertas funded on or about July 23, 2025.

/ / /

17. The Agreement required the Debtor to remit a fixed "Weekly Delivery Amount" of $12,500.00 by automated clearing house ("ACH") debit from a designated "Approved Bank Account," irrespective of the Debtor's actual receipts. The Agreement separately recites a "Specified Percentage" of 7.64% and a "Good Faith Estimate of Term" of twelve months.

18. Pursuant to Section 19 of the Agreement, the Debtor granted Libertas a continuing security interest in the Debtor's accounts, payment intangibles, letter of credit rights, and rights to payment of any kind, together with all records relating to the foregoing and all proceeds thereof.

19. On or about July 24, 2025, six days after execution of the Agreement, Libertas perfected that security interest by filing a UCC-1 financing statement with the Arizona Secretary of State at File No. 2025-002-8304-3, naming C T Corporation System, as Representative, as the secured party of record.

**THE REMITTANCE HISTORY AND THE CHANGE IN PAYMENT TERMS**

20. Libertas's own transaction ledger, produced as an attachment to the Claim, records each remittance the Debtor made under the Agreement from funding through the Petition Date.

21. From July 30, 2025 through January 14, 2026, Libertas collected weekly ACH debits from the Debtor's operating account in the fixed amount of $12,500.00, reduced to $9,460.00 for four consecutive weeks between November 5 and November 26, 2025.

22. On January 28, 2026 and February 4, 2026, Libertas collected ACH debits of $6,250.00 each. Those were the last ACH remittances under the Agreement.

23. Beginning February 10, 2026, the parties abandoned the weekly ACH mechanism. The Debtor thereafter transmitted monthly outgoing wire transfers to Libertas in the amounts of $14,583.33 on February 10, 2026, and $20,833.33 each on

March 9, 2026, April 9, 2026, and May 8, 2026.

24. The remittance detail on the February 10, 2026 wire identifies it as a "MONTHLY PAYMENT." The remittance detail on each of the March 9, April 9, and May 8, 2026 wires identifies it as a "FUNDING PAYOFF."

25. Libertas's ledger reflects no remittance after May 8, 2026. As of the Petition Date, Libertas credited the Debtor with $389,923.32 paid and asserted a remaining balance of $240,076.68.

26. Each remittance described above was made from or debited against the Debtor's operating account at Bank of America, N.A. ending in 5200, which the Agreement designated as the Approved Bank Account.

**<u>THE OBLIGATION TO LIBERTAS IS AN ANTECEDENT DEBT</u>**

27. The Debtor incurred its obligation to Libertas on July 18, 2025, when the parties executed the Agreement, and Libertas funded the Purchase Price on July 23, 2025.

28. That obligation was fixed in amount and was payable without regard to whether the Debtor generated any receivables or revenue in any given week or month.

29. The Debtor incurred that obligation before each of the Transfers identified below was made.

30. Each payment made by the Debtor to or for the benefit of Libertas was therefore a payment on account of an antecedent debt owed to Libertas.

**<u>THE UNDERLYING AGREEMENT IS A DISGUISED LOAN</u>**

31. To the extent Libertas contends that the Agreement effected a true sale of receivables rather than a loan, and that the Transfers were therefore not payments on account of a debt, that contention fails for the reasons set forth below.

32. Although titled an "Agreement of Sale of Future Receipts," the Agreement is in economic substance a loan from Libertas to the Debtor in the principal amount of

$500,000.00, subject to an implied finance charge of $130,000.00, to be repaid in approximately fifty weekly installments of $12,500.00 totaling $630,000.00 (the "Loan").

33. The Agreement nominally provides for reconciliation of remittances against actual receipts, but the provision never operated as one. *See* Agreement §§ 10-13.

34. Reconciliation was the Debtor's "sole responsibility and right" to initiate. Any request had to be made in writing, had to enclose the Debtor's bank and card processing statements, and had to be received by Libertas within seven business days after the last day of the month at issue, with time of the essence. *Id.* §§ 10(a), 11(a)-(b).

35. Libertas retained "sole and absolute discretion" over whether to grant any prospective adjustment of the Weekly Delivery Amount, and no adjustment could be requested at all once Libertas had received the Completion Amount. *Id.* §§ 12(a), 13(c)(ii).

36. Libertas's own accounting records confirm that the remittances did not track the Debtor's receipts. Of the twenty-seven ACH debits Libertas collected between July 30, 2025 and February 4, 2026, twenty-one were in the identical amount of $12,500.00, four were in the identical amount of $9,460.00, and two were in the identical amount of $6,250.00. The Debtor's receipts were not constant over that period.

37. Despite the Agreement's recital that it "has no term," the Agreement has a mathematically certain end date, and the Agreement itself states a "Good Faith Estimate of Term" of twelve months.

38. The Amount Sold of $630,000.00 divided by the fixed Weekly Delivery Amount of $12,500.00 yields a repayment period of approximately fifty weeks from the July 23, 2025 funding date, the economic equivalent of a fixed-term installment obligation. A Repurchase Addendum executed with the Agreement reinforces the point:

it fixed the price of early payoff at $570,000.00 in month one, rising in $10,000.00 increments to $610,000.00 in month five, so that the cost of retiring the transaction increased with the passage of time rather than with the receipts Libertas had collected.

39. Libertas retained full recourse against the Debtor regardless of whether the Debtor generated any receipts. Upon a "Bad Act" and a failure to cure, the Debtor became liable to Libertas "in an amount in cash equal to . . . the undelivered portion of the Amount Sold," plus fees and Libertas's attorneys' fees and costs. Agreement § 25.

40. Libertas holds a perfected security interest in the Debtor's accounts and payment intangibles, and Derek William Wood executed a performance guaranty under which he is personally and unconditionally liable for the Merchant Obligations. *Id.* §§ 19, 33-37. A contemporaneous Addendum to Agreement of Sale of Future Receipts further prohibited the Debtor from obtaining any additional short-term cash advance or loan without Libertas's prior written authorization and provided that a breach would result in "the immediate acceleration of all Weekly Deliveries."

41. Because the Agreement imposes a fixed rather than revenue-contingent payment obligation, has a finite and calculable term, and affords Libertas full recourse irrespective of whether the Debtor generated receipts, each remittance constitutes a payment on account of an antecedent debt owed to Libertas.

## **THE TRANSFERS**

42. During the ninety-day period immediately preceding the Petition Date, March 28, 2026 through June 26, 2026, the Debtor made the following transfers to or for the benefit of Libertas (together, the "Transfers"). The Transfers are reflected in the Debtor's books and records and in Libertas's own transaction ledger, true and correct copies of which are attached as **Exhibit A**.

/ / /

/ / /

| Transfer Date | Amount |
|---|---|
| April 9, 2026 | $20,833.33 |
| May 8, 2026 | $20,833.33 |
| **TOTAL** | $41,666.66 |

43. The total amount of the Transfers is $41,666.66. See Exhibit A.

**COUNT I – Avoidance of Preferential Transfers**

**11 U.S.C. § 547(b)**

44. Plaintiff realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

45. The Transfers occurred within the ninety-day period immediately preceding the Petition Date.

46. At the time of each Transfer, Libertas was the Debtor's creditor within the meaning of 11 U.S.C. § 101(10)(A), holding a claim arising from the Agreement.

47. Each Transfer constituted a transfer of an interest in the Debtor's property within the meaning of 11 U.S.C. § 101(54).

48. Each Transfer was made to or for the benefit of Libertas within the meaning of 11 U.S.C. § 547(b)(1).

49. Each Transfer was made on account of an antecedent debt owed by the Debtor to Libertas, which the Debtor incurred before the date of the Transfer, within the meaning of 11 U.S.C. § 547(b)(2).

50. Based on the facts and circumstances of this case, and the presumption of insolvency set forth in 11 U.S.C. § 547(f), each Transfer was made while the Debtor was insolvent within the meaning of 11 U.S.C. § 547(b)(3).

51. The Transfers enabled Libertas to receive more than it would receive if: (a) the Debtor's bankruptcy case were a proceeding under Chapter 7 of the Bankruptcy

Code; (b) such Transfers had not been made; and (c) Libertas received payment of its debt to the extent provided by the Bankruptcy Code.

52. The Debtor scheduled total assets of $2,463,652.76 against total liabilities of $5,226,099.24. The Debtor's accounts receivable, the only category of collateral in which Libertas was granted a security interest, were scheduled at $92,071.69 and are encumbered by perfected blanket liens senior to Libertas's interest, including a financing statement filed May 27, 2020 that secures a claim of $1,901,814.51. Libertas would therefore receive little or nothing on the Claim in a Chapter 7 liquidation, but received $41,666.66 through the Transfers.

53. Plaintiff may avoid the Transfers as preferential pursuant to 11 U.S.C. § 547(b).

54. Prior to filing this Complaint, Plaintiff conducted reasonable due diligence in the circumstances of this case, as required by 11 U.S.C. § 547(b), and took into account Libertas's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c). Libertas advanced no new value to the Debtor after July 23, 2025. The Transfers were made by monthly outgoing wire transfer, in amounts and by a method that departed from the weekly ACH remittance the Agreement prescribed and that the parties had in fact followed for the preceding six months. Based on that review, Plaintiff has determined that no defense under 11 U.S.C. § 547(c) bars avoidance of the Transfers.

**COUNT II – Recovery of Avoided Transfer**

**11 U.S.C. § 550(a)**

55. Plaintiff realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

56. Libertas was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made.

57. Upon avoidance of the Transfers under 11 U.S.C. § 547(b), Plaintiff is entitled to recover the value of the Transfers, $41,666.66, from Libertas as the initial transferee, or as the entity for whose benefit the Transfers were made, pursuant to 11 U.S.C. § 550(a)(1).

**COUNT III – Disallowance of Claim**

**11 U.S.C. § 502(d)**

58. Plaintiff realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

59. Libertas filed Proof of Claim No. 22 on September 4, 2026, asserting a secured claim in the amount of $240,076.68.

60. Pursuant to 11 U.S.C. § 502(d), any claim of an entity from which property is recoverable under 11 U.S.C. § 550 shall be disallowed unless such entity has paid the amount or turned over the property for which it is liable.

61. Because Libertas is an entity from which property is recoverable pursuant to 11 U.S.C. § 550, the Claim must be disallowed unless and until Libertas has paid or turned over to Plaintiff the full amount of the avoided Transfers.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Burwood, LLC respectfully prays for judgment against Defendant Libertas Funding, LLC as follows:

A. A judgment avoiding the Transfers in the total amount of $41,666.66 pursuant to 11 U.S.C. § 547(b);

B. A judgment directing the recovery of the avoided Transfers totaling $41,666.66 from Libertas Funding, LLC as initial transferee, or as the entity for whose benefit the Transfers were made, pursuant to 11 U.S.C. § 550(a)(1);

C. An order disallowing Proof of Claim No. 22 pursuant to 11 U.S.C. § 502(d) unless and until Libertas Funding, LLC has paid to Plaintiff the full amount of the avoided Transfers;

D. Pre-judgment and post-judgment interest as permitted by applicable law;

E. Plaintiff's reasonable attorney's fees and costs to the extent permitted by applicable law; and

F. Such other and further relief as the Court deems just and proper.

DATED: October 23, 2026.

**ALLEN, JONES & GILES, PLC**

*/s/ Anthony P. Cali, #28261*
Anthony P. Cali
Ryan M. Deutsch
1850 N. Central Ave., Suite 1025
Phoenix, AZ 85004
*Attorneys for Debtor*

# Exhibit A

LIBERTAS

10060 : BURWOOD, LLC

| Transaction Type | Remittance Date | Remittance Amount | Paid to Date | Balance |
|---|---|---|---|---|
| ACH Credit Merchant - Advance Initial | 2025-07-23 | -$269,807.54 | $0.00 | $630,000.00 |
| | 2025-07-24 | | $0.00 | $630,000.00 |
| | 2025-07-25 | | $0.00 | $630,000.00 |
| | 2025-07-28 | | $0.00 | $630,000.00 |
| | 2025-07-29 | | $0.00 | $630,000.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-07-30 | $12,500.00 | $12,500.00 | $617,500.00 |
| | 2025-07-31 | | $12,500.00 | $617,500.00 |
| | 2025-08-01 | | $12,500.00 | $617,500.00 |
| | 2025-08-04 | | $12,500.00 | $617,500.00 |
| | 2025-08-05 | | $12,500.00 | $617,500.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-08-06 | $12,500.00 | $25,000.00 | $605,000.00 |
| | 2025-08-07 | | $25,000.00 | $605,000.00 |
| | 2025-08-08 | | $25,000.00 | $605,000.00 |
| | 2025-08-11 | | $25,000.00 | $605,000.00 |
| | 2025-08-12 | | $25,000.00 | $605,000.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-08-13 | $12,500.00 | $37,500.00 | $592,500.00 |
| | 2025-08-14 | | $37,500.00 | $592,500.00 |
| | 2025-08-15 | | $37,500.00 | $592,500.00 |
| | 2025-08-18 | | $37,500.00 | $592,500.00 |
| | 2025-08-19 | | $37,500.00 | $592,500.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-08-20 | $12,500.00 | $50,000.00 | $580,000.00 |
| | 2025-08-21 | | $50,000.00 | $580,000.00 |
| | 2025-08-22 | | $50,000.00 | $580,000.00 |
| | 2025-08-25 | | $50,000.00 | $580,000.00 |
| | 2025-08-26 | | $50,000.00 | $580,000.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-08-27 | $12,500.00 | $62,500.00 | $567,500.00 |
| | 2025-08-28 | | $62,500.00 | $567,500.00 |
| | 2025-08-29 | | $62,500.00 | $567,500.00 |
| | 2025-09-02 | | $62,500.00 | $567,500.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-09-03 | $12,500.00 | $75,000.00 | $555,000.00 |
| | 2025-09-04 | | $75,000.00 | $555,000.00 |
| | 2025-09-05 | | $75,000.00 | $555,000.00 |
| | 2025-09-08 | | $75,000.00 | $555,000.00 |
| | 2025-09-09 | | $75,000.00 | $555,000.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-09-10 | $12,500.00 | $87,500.00 | $542,500.00 |
| | 2025-09-11 | | $87,500.00 | $542,500.00 |
| | 2025-09-12 | | $87,500.00 | $542,500.00 |
| | 2025-09-15 | | $87,500.00 | $542,500.00 |
| | 2025-09-16 | | $87,500.00 | $542,500.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-09-17 | $12,500.00 | $100,000.00 | $530,000.00 |
| | 2025-09-18 | | $100,000.00 | $530,000.00 |
| | 2025-09-19 | | $100,000.00 | $530,000.00 |
| | 2025-09-22 | | $100,000.00 | $530,000.00 |
| | 2025-09-23 | | $100,000.00 | $530,000.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-09-24 | $12,500.00 | $112,500.00 | $517,500.00 |
| | 2025-09-25 | | $112,500.00 | $517,500.00 |
| | 2025-09-26 | | $112,500.00 | $517,500.00 |
| | 2025-09-29 | | $112,500.00 | $517,500.00 |
| | 2025-09-30 | | $112,500.00 | $517,500.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-10-01 | $12,500.00 | $125,000.00 | $505,000.00 |
| | 2025-10-02 | | $125,000.00 | $505,000.00 |
| | 2025-10-03 | | $125,000.00 | $505,000.00 |
| | 2025-10-06 | | $125,000.00 | $505,000.00 |
| | 2025-10-07 | | $125,000.00 | $505,000.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-10-08 | $12,500.00 | $137,500.00 | $492,500.00 |
| | 2025-10-09 | | $137,500.00 | $492,500.00 |
| | 2025-10-10 | | $137,500.00 | $492,500.00 |
| | 2025-10-14 | | $137,500.00 | $492,500.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-10-15 | $12,500.00 | $150,000.00 | $480,000.00 |
| | 2025-10-16 | | $150,000.00 | $480,000.00 |
| | 2025-10-17 | | $150,000.00 | $480,000.00 |
| | 2025-10-20 | | $150,000.00 | $480,000.00 |
| | 2025-10-21 | | $150,000.00 | $480,000.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-10-22 | $12,500.00 | $162,500.00 | $467,500.00 |

LIBERTAS

10060 : BURWOOD, LLC

| | | | | |
|---|---|---|---|---|
| | 2025-10-23 | | $162,500.00 | $467,500.00 |
| | 2025-10-24 | | $162,500.00 | $467,500.00 |
| | 2025-10-27 | | $162,500.00 | $467,500.00 |
| | 2025-10-28 | | $162,500.00 | $467,500.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-10-29 | $12,500.00 | $175,000.00 | $455,000.00 |
| | 2025-10-30 | | $175,000.00 | $455,000.00 |
| | 2025-10-31 | | $175,000.00 | $455,000.00 |
| | 2025-11-03 | | $175,000.00 | $455,000.00 |
| | 2025-11-04 | | $175,000.00 | $455,000.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-11-05 | $9,460.00 | $184,460.00 | $445,540.00 |
| | 2025-11-06 | | $184,460.00 | $445,540.00 |
| | 2025-11-07 | | $184,460.00 | $445,540.00 |
| | 2025-11-10 | | $184,460.00 | $445,540.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-11-12 | $9,460.00 | $193,920.00 | $436,080.00 |
| | 2025-11-13 | | $193,920.00 | $436,080.00 |
| | 2025-11-14 | | $193,920.00 | $436,080.00 |
| | 2025-11-17 | | $193,920.00 | $436,080.00 |
| | 2025-11-18 | | $193,920.00 | $436,080.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-11-19 | $9,460.00 | $203,380.00 | $426,620.00 |
| | 2025-11-20 | | $203,380.00 | $426,620.00 |
| | 2025-11-21 | | $203,380.00 | $426,620.00 |
| | 2025-11-24 | | $203,380.00 | $426,620.00 |
| | 2025-11-25 | | $203,380.00 | $426,620.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-11-26 | $9,460.00 | $212,840.00 | $417,160.00 |
| | 2025-11-28 | | $212,840.00 | $417,160.00 |
| | 2025-12-01 | | $212,840.00 | $417,160.00 |
| | 2025-12-02 | | $212,840.00 | $417,160.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-12-03 | $12,500.00 | $225,340.00 | $404,660.00 |
| | 2025-12-04 | | $225,340.00 | $404,660.00 |
| | 2025-12-05 | | $225,340.00 | $404,660.00 |
| | 2025-12-08 | | $225,340.00 | $404,660.00 |
| | 2025-12-09 | | $225,340.00 | $404,660.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-12-10 | $12,500.00 | $237,840.00 | $392,160.00 |
| | 2025-12-11 | | $237,840.00 | $392,160.00 |
| | 2025-12-12 | | $237,840.00 | $392,160.00 |
| | 2025-12-15 | | $237,840.00 | $392,160.00 |
| | 2025-12-16 | | $237,840.00 | $392,160.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-12-17 | $12,500.00 | $250,340.00 | $379,660.00 |
| | 2025-12-18 | | $250,340.00 | $379,660.00 |
| | 2025-12-19 | | $250,340.00 | $379,660.00 |
| | 2025-12-22 | | $250,340.00 | $379,660.00 |
| | 2025-12-23 | | $250,340.00 | $379,660.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-12-24 | $12,500.00 | $262,840.00 | $367,160.00 |
| | 2025-12-26 | | $262,840.00 | $367,160.00 |
| | 2025-12-29 | | $262,840.00 | $367,160.00 |
| | 2025-12-30 | | $262,840.00 | $367,160.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2025-12-31 | $12,500.00 | $275,340.00 | $354,660.00 |
| | 2026-01-02 | | $275,340.00 | $354,660.00 |
| | 2026-01-05 | | $275,340.00 | $354,660.00 |
| | 2026-01-06 | | $275,340.00 | $354,660.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2026-01-07 | $12,500.00 | $287,840.00 | $342,160.00 |
| | 2026-01-08 | | $287,840.00 | $342,160.00 |
| | 2026-01-09 | | $287,840.00 | $342,160.00 |
| | 2026-01-12 | | $287,840.00 | $342,160.00 |
| | 2026-01-13 | | $287,840.00 | $342,160.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2026-01-14 | $12,500.00 | $300,340.00 | $329,660.00 |
| | 2026-01-15 | | $300,340.00 | $329,660.00 |
| | 2026-01-16 | | $300,340.00 | $329,660.00 |
| | 2026-01-20 | | $300,340.00 | $329,660.00 |
| | 2026-01-21 | | $300,340.00 | $329,660.00 |
| | 2026-01-22 | | $300,340.00 | $329,660.00 |
| | 2026-01-23 | | $300,340.00 | $329,660.00 |
| | 2026-01-26 | | $300,340.00 | $329,660.00 |
| | 2026-01-27 | | $300,340.00 | $329,660.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2026-01-28 | $6,250.00 | $306,590.00 | $323,410.00 |

LIBERTAS

10060 : BURWOOD, LLC

| | | | | |
|---|---|---|---|---|
| | 2026-01-29 | | $306,590.00 | $323,410.00 |
| | 2026-01-30 | | $306,590.00 | $323,410.00 |
| | 2026-02-02 | | $306,590.00 | $323,410.00 |
| | 2026-02-03 | | $306,590.00 | $323,410.00 |
| ACH Debit Merchant - Payment Original Agreement - A | 2026-02-04 | $6,250.00 | $312,840.00 | $317,160.00 |
| | 2026-02-05 | | $312,840.00 | $317,160.00 |
| | 2026-02-06 | | $312,840.00 | $317,160.00 |
| | 2026-02-09 | | $312,840.00 | $317,160.00 |
| WIRE Debit Merchant - Payment Incoming payment fro | 2026-02-10 | $14,583.33 | $327,423.33 | $302,576.67 |
| | 2026-02-11 | | $327,423.33 | $302,576.67 |
| | 2026-02-12 | | $327,423.33 | $302,576.67 |
| | 2026-02-13 | | $327,423.33 | $302,576.67 |
| | 2026-02-17 | | $327,423.33 | $302,576.67 |
| | 2026-02-18 | | $327,423.33 | $302,576.67 |
| | 2026-02-19 | | $327,423.33 | $302,576.67 |
| | 2026-02-20 | | $327,423.33 | $302,576.67 |
| | 2026-02-23 | | $327,423.33 | $302,576.67 |
| | 2026-02-24 | | $327,423.33 | $302,576.67 |
| | 2026-02-25 | | $327,423.33 | $302,576.67 |
| | 2026-02-26 | | $327,423.33 | $302,576.67 |
| | 2026-02-27 | | $327,423.33 | $302,576.67 |
| | 2026-03-02 | | $327,423.33 | $302,576.67 |
| | 2026-03-03 | | $327,423.33 | $302,576.67 |
| | 2026-03-04 | | $327,423.33 | $302,576.67 |
| | 2026-03-05 | | $327,423.33 | $302,576.67 |
| | 2026-03-06 | | $327,423.33 | $302,576.67 |
| WIRE Debit Merchant - Payment Incoming payment fro | 2026-03-09 | $20,833.33 | $348,256.66 | $281,743.34 |
| | 2026-03-10 | | $348,256.66 | $281,743.34 |
| | 2026-03-11 | | $348,256.66 | $281,743.34 |
| | 2026-03-12 | | $348,256.66 | $281,743.34 |
| | 2026-03-13 | | $348,256.66 | $281,743.34 |
| | 2026-03-16 | | $348,256.66 | $281,743.34 |
| | 2026-03-17 | | $348,256.66 | $281,743.34 |
| | 2026-03-18 | | $348,256.66 | $281,743.34 |
| | 2026-03-19 | | $348,256.66 | $281,743.34 |
| | 2026-03-20 | | $348,256.66 | $281,743.34 |
| | 2026-03-23 | | $348,256.66 | $281,743.34 |
| | 2026-03-24 | | $348,256.66 | $281,743.34 |
| | 2026-03-25 | | $348,256.66 | $281,743.34 |
| | 2026-03-26 | | $348,256.66 | $281,743.34 |
| | 2026-03-27 | | $348,256.66 | $281,743.34 |
| | 2026-03-30 | | $348,256.66 | $281,743.34 |
| | 2026-03-31 | | $348,256.66 | $281,743.34 |
| | 2026-04-01 | | $348,256.66 | $281,743.34 |
| | 2026-04-02 | | $348,256.66 | $281,743.34 |
| | 2026-04-03 | | $348,256.66 | $281,743.34 |
| | 2026-04-06 | | $348,256.66 | $281,743.34 |
| | 2026-04-07 | | $348,256.66 | $281,743.34 |
| | 2026-04-08 | | $348,256.66 | $281,743.34 |
| WIRE Debit Merchant - Payment Incoming payment fro | 2026-04-09 | $20,833.33 | $369,089.99 | $260,910.01 |
| | 2026-04-10 | | $369,089.99 | $260,910.01 |
| | 2026-04-13 | | $369,089.99 | $260,910.01 |
| | 2026-04-14 | | $369,089.99 | $260,910.01 |
| | 2026-04-15 | | $369,089.99 | $260,910.01 |
| | 2026-04-16 | | $369,089.99 | $260,910.01 |
| | 2026-04-17 | | $369,089.99 | $260,910.01 |
| | 2026-04-20 | | $369,089.99 | $260,910.01 |
| | 2026-04-21 | | $369,089.99 | $260,910.01 |
| | 2026-04-22 | | $369,089.99 | $260,910.01 |
| | 2026-04-23 | | $369,089.99 | $260,910.01 |
| | 2026-04-24 | | $369,089.99 | $260,910.01 |
| | 2026-04-27 | | $369,089.99 | $260,910.01 |
| | 2026-04-28 | | $369,089.99 | $260,910.01 |
| | 2026-04-29 | | $369,089.99 | $260,910.01 |
| | 2026-04-30 | | $369,089.99 | $260,910.01 |

10060 : BURWOOD, LLC

| | | | | |
|---|---|---|---|---|
| | 2026-05-01 | | $369,089.99 | $260,910.01 |
| | 2026-05-04 | | $369,089.99 | $260,910.01 |
| | 2026-05-05 | | $369,089.99 | $260,910.01 |
| | 2026-05-06 | | $369,089.99 | $260,910.01 |
| | 2026-05-07 | | $369,089.99 | $260,910.01 |
| WIRE Debit Merchant - Payment Incoming payment fro | 2026-05-08 | $20,833.33 | $389,923.32 | $240,076.68 |
| | 2026-05-11 | | $389,923.32 | $240,076.68 |
| | 2026-05-12 | | $389,923.32 | $240,076.68 |
| | 2026-05-13 | | $389,923.32 | $240,076.68 |
| | 2026-05-14 | | $389,923.32 | $240,076.68 |
| | 2026-05-15 | | $389,923.32 | $240,076.68 |
| | 2026-05-18 | | $389,923.32 | $240,076.68 |
| | 2026-05-19 | | $389,923.32 | $240,076.68 |
| | 2026-05-20 | | $389,923.32 | $240,076.68 |
| | 2026-05-21 | | $389,923.32 | $240,076.68 |
| | 2026-05-22 | | $389,923.32 | $240,076.68 |
| | 2026-05-26 | | $389,923.32 | $240,076.68 |
| | 2026-05-27 | | $389,923.32 | $240,076.68 |
| | 2026-05-28 | | $389,923.32 | $240,076.68 |
| | 2026-05-29 | | $389,923.32 | $240,076.68 |
| | 2026-06-01 | | $389,923.32 | $240,076.68 |
| | 2026-06-02 | | $389,923.32 | $240,076.68 |
| | 2026-06-03 | | $389,923.32 | $240,076.68 |
| | 2026-06-04 | | $389,923.32 | $240,076.68 |
| | 2026-06-05 | | $389,923.32 | $240,076.68 |
| | 2026-06-08 | | $389,923.32 | $240,076.68 |
| | 2026-06-09 | | $389,923.32 | $240,076.68 |
| | 2026-06-10 | | $389,923.32 | $240,076.68 |
| | 2026-06-11 | | $389,923.32 | $240,076.68 |
| | 2026-06-12 | | $389,923.32 | $240,076.68 |
| | 2026-06-15 | | $389,923.32 | $240,076.68 |
| | 2026-06-16 | | $389,923.32 | $240,076.68 |
| | 2026-06-17 | | $389,923.32 | $240,076.68 |
| | 2026-06-18 | | $389,923.32 | $240,076.68 |
| | 2026-06-22 | | $389,923.32 | $240,076.68 |
| | 2026-06-23 | | $389,923.32 | $240,076.68 |
| | 2026-06-24 | | $389,923.32 | $240,076.68 |
| | 2026-06-25 | | $389,923.32 | $240,076.68 |
| | 2026-06-26 | | $389,923.32 | $240,076.68 |
| | 2026-06-29 | | $389,923.32 | $240,076.68 |
| | 2026-06-30 | | $389,923.32 | $240,076.68 |